IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS ESTRADA,

    Plaintiff,

  v.                                                                                   No. CIV 13-0299 JP/LFG

STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT, C/O GREGG MARCANTEL,
CENTRAL NM CORRECTIONS FACILITY
C/O WARDEN JOSEPH GARCIA,
CORIZON MEDICAL SERVICES
C/O THOMAS ARNOLD,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the

Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants failed to provide Plaintiff with necessary medical treatment. Specifically, when Plaintiff's primary eye doctor ordered immediate surgery on Plaintiff's right eye, several months passed before Defendants allowed Plaintiff to undergo the surgery. He alleges that the delay caused his condition to worsen significantly. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims under § 1983 against the New Mexico Corrections Department. As noted by the Court of Appeals for the Tenth Circuit in a similar situation, Plaintiff "has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against this Defendant.

In the caption of his complaint, Plaintiff names three "c/o" Defendants: Marcantel, Garcia, and Arnold. The Court assumes for purposes of this order that Plaintiff intends to bring his claims against these Defendants separately in their individual capacities. The complaint, however, contains no allegations against these "c/o" Defendants affirmatively linking them to the alleged violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor may not be based solely on a theory of respondeat superior liability for the

actions of workers supervised by the Defendant. *See id.* Furthermore, the named correctional facility is not a suable entity. *See Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Corrections Department, Marcantel, Central NM Correctional Facility, Garcia, and Arnold are DISMISSED; and Defendants Corrections Department, Marcantel, Central NM Correctional Facility, Garcia, and Arnold are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of Plaintiff's complaint for Defendant Corizon Medical Services (Corizon Inc.).

_____
UNITED STATES DISTRICT JUDGE

3