IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS ESTRADA,

    Plaintiff,

v.                                               CIV. No. 13-299 JAP/GBW

CORIZON MEDICAL SERVICES,

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Court's Order to Show Cause. *Doc. 23.* I recommend that the Court dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b) both for failure to prosecute and for failure to comply with a court order.

**I.  BACKGROUND**

Plaintiff filed his § 1983 action on March 28, 2013. *Doc. 1.* The majority of the original Defendants in this case were dismissed by Court order on October 3, 2013, with only Defendant Corizon Medical Services remaining. *Doc. 9.* Defendant Corizon filed a motion dismiss for failure to exhaust administrative remedies on January 6, 2014. *Doc. 19.* Plaintiff never filed a response to this motion. Further, on January 30, 2014, the Court entered an order of reference in this matter, the mailing of which was returned to the Court on February 12, 2014 as undeliverable because Plaintiff had been discharged from the Central New Mexico Correctional Facility. *See docs. 21, 22.* The Court


subsequently issued an order to show cause against Plaintiff on February 18, 2014, ordering that he show cause why his Complaint should not be dismissed for failure to comply with D.N.M.LR-Civ. 83.6. *Doc. 23* at 1. Plaintiff was advised that "[f]ailure to respond to [the Order to Show Cause] shall constitute an independent basis for dismissal." *Id*. at 2. The Court ordered that this order be delivered both to Plaintiff's last known address and to the address provided by Plaintiff in another action before this Court. *Id.* The mailing was returned as undeliverable to both addresses. *Docs. 24, 25.* The time to respond to the Order lapsed on March 4, 2014, with no response from Plaintiff. *See doc. 23.*

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that where "[a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit has held that Rule 41(b) also permits courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute and/or comply with a court order. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). However, a court should not dismiss an action without prejudice where dismissal would force a plaintiff to refile after the applicable statute of limitations has run. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552

F.3d 1233, 1236 (10th Cir. 2009). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

### III. ANALYSIS

Dismissal without prejudice is warranted here because, by failing to respond to Defendants' Motion to Dismiss and the Court's Order to Show Cause, and by failing to notify the Court of his change of address, he has demonstrated a lack of interest in prosecuting his case. In fact, Plaintiff has filed nothing in this matter since July 1, 2013. *See doc. 8.*

It appears on the face of the Complaint that Plaintiff's cause of action arose at the earliest in August 2012. *See doc. 1 at 2.* "[I]t is well-settled that New Mexico's three-year *general* statute of limitations applies to all personal injury claims brought pursuant to § 1983." *Yruegas v. Vestal*, 356 F. Supp. 2d 1238, 1242 (D.N.M. 2004) (*citing Owens v. Okure*, 488 U.S. 235, 249–50 (1989)) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering 1983 claims should borrow the general or residual statute for personal injury actions."). Thus, Plaintiff's cause of action would not be barred by the applicable statute of limitations until August, 2015. Dismissal of Plaintiff's complaint without prejudice would not, therefore, effectively result in a dismissal with prejudice.

## IV. CONCLUSION

Plaintiff has failed to respond to Defendants' Motion to Dismiss or to the Court's Order to Show Cause. He has failed to comply with the local rule requiring he notify the Court of any change of address. These facts and his failure to file anything in his case since July 1, 2013 demonstrate a failure to prosecute justifying dismissal. Dismissal of this action at the current time will not result in Plaintiff's inability to refile this action on the basis of a statute of limitations bar. For those reasons, I recommend that Plaintiff's complaint be DISMISSED without prejudice.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**